UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALASTER JOHN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 25-13695-MGM |
| ANDREW MOSTELLO, ROBERT E. JONES, and BENJAMIN BRILL, | * |
| | * |
| | * |
| Defendants. | * |

ORDER

January 13, 2026

MASTROIANNI, U.S.D.J.

On December 5, 2025, Alaster John ("Plaintiff"), proceeding *pro se*, filed this action against Andrew Mostello, Robert E. Jones, and Benjamin Brill ("Defendants") in relation to medical care received by Plaintiff at Leominster Hospital, where Defendants are employed as surgeons. (Dkt. No. 1.) Plaintiff brings state-law medical negligence claims and no federal claims. The court therefore only has subject-matter jurisdiction if there is complete diversity of citizenship under 28 U.S.C. § 1332(a). *See Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."). In his complaint, Plaintiff alleges he is a resident of Holyoke, Massachusetts, but he does not include the residency or citizenship of any of the defendants.

On December 9, 2025, this court issued an Order to Show Cause which noted the jurisdictional deficiency regarding complete diversity and ordered Plaintiff, as the party invoking

jurisdiction, "to show cause in writing, by **December 23, 2025**, why this action should not be dismissed for lack of subject-matter jurisdiction." (Dkt. No. 4 at 2.) The court further explained:

> In order to make the required showing, Plaintiff must, at a minimum, supplement the complaint with allegations of subject-matter jurisdiction sufficient to meet the federal pleading standard. This supplementation should include facts describing the place of citizenship of each Defendant as of the date this action was filed. If any of the defendants is a Massachusetts citizen, then complete diversity of citizenship does not exist (because Plaintiff is also a Massachusetts citizen) and this court will not have subject-matter jurisdiction and must dismiss the case.

(*Id.*) In addition, the court warned Plaintiff "that failure to file a response to this Order by December 23, 2025, will result in dismissal." (*Id.*) Plaintiff has not responded to this court's Order to Show Cause, nor has he otherwise attempted to show the complete diversity requirement is met. Instead, Plaintiff has filed motions for default judgment against the three defendants (who have not been served) and a letter inquiring whether the Marshals Service has served defendants. (Dkt. Nos. 6, 7, 8, and 9.)[1] Still, Plaintiff has not addressed or cured the issues with subject-matter jurisdiction, which is a "threshold" requirement in every federal case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Accordingly, the court hereby DISMISSES this case for lack of subject-matter jurisdiction and failure to comply with the court's December 9, 2025 Order to Show Cause. *See* Fed. R. Civ. P. 12(h)(3); *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]"). The court also denies Plaintiff's three motions for default judgment (Dkt. Nos. 6, 7, and 8), as moot. This case shall be closed.

It is So Ordered.

_/s/ Mark G. Mastroianni_

---

[1] The court notes that Plaintiff has not paid the filing fee and has not filed a motion for leave to proceed *in forma pauperis*. Because the court finds that it lacks subject-matter jurisdiction, however, it does not otherwise address this issue.

                                                MARK G. MASTROIANNI
                                                United States District Judge